**FILED**

May 22, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LEIDY BEDOYA-LEON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO. SA-26-CV-01724-OLG |
| | § | |
| TODD M. LYONS *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Leidy Bedoya-Leon's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 7), and Petitioner has replied (Dkt. No. 8). After careful consideration, the Court concludes that the Petition must be denied for the reasons below.

## I.    BACKGROUND

Based on the record, Petitioner is a citizen of Colombia who was admitted to the United States on May 28, 2019, on a B-2 visitor visa, which expired on November 27, 2019. (Dkt. No. 1 at 4; Dkt. No. 7 at 2.) She was arrested by immigration officials on October 17, 2025, (Dkt. No. 1 at 4), and was issued a Notice to Appear, which charged her with being removable pursuant to 8 U.S.C. § 1227(a)(1)(B) for overstaying her visa. (Dkt. No. 7-1 at 1.) On January 28, 2026, Petitioner received a bond hearing pursuant to 8 U.S.C. § 1226(a), after which the immigration judge (IJ) denied release on bond, finding that Petitioner failed to establish she is not a danger to the community. (Dkt. No. 1 at 4; Dkt. No. 7 at 2.) She initiated this action on March 17, 2026, seeking an order compelling her immediate release. (*See* Dkt. No. 1 at 9.)

## II.    JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g., Perez-Puerta v. Johnson*, No. 25-CV-1476-OLG, Dkt. No. 13 at 2–4 (W.D. Tex. Dec. 15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention). Nor would Petitioner's failure to exhaust administrative remedies, as the exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, 814 F. Supp. 3d 733, 737 n.1 (N.D. Tex. 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 814 F. Supp. 3d at 737 n.1 (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to the BIA would "exacerbate [her] alleged constitutional injury—detention without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6–7 (W.D. Tex. Oct. 21, 2025) (same).

## III.    DISCUSSION

Petitioner contends that (1) her detention itself violates due process; (2) that due process requires that she be given a bond hearing in which the Government bears the burden of proof; and (3) the duration of her detention violates due process. (Dkt. No. 1 at 5–8.) The Court cannot agree.

Petitioner's first claim—that her detention violates due process because Respondents "have not demonstrated that [she] needs to be detained" (Dkt. No. 1 at 5)—is not supported by the record, which establishes that Petitioner received the bond hearing to which she was entitled under § 1226(a). Accordingly, to the extent that this claim is not, in fact, a challenge to the IJ's adverse bond determination couched as a constitutional claim,[1] the Court cannot find that she is entitled to relief on this basis.

Her second claim—that the bond hearing she received was constitutionally inadequate because the burden of proof was not placed on the Government (*id.* at 6–7)—is also unavailing. As this Court recently held, noncitizens are not entitled to the same degree of process afforded to citizens. *Rahimi v. Thompson*, No. 25-CV-1338-OLG, Dkt. No. 23 (W.D. Tex. Apr. 7, 2026); *see Demore v. Kim*, 538 U.S. 510, 521 (2003) ("In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens."); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1211 (9th Cir. 2022) (observing that there is "no Supreme Court case placing the burden on the government . . ., much less through

---

[1] The INA strips the Court of jurisdiction to consider challenges to the IJ's weighing of the evidence and factual findings. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision . . . regarding the detention of any alien or the revocation or denial of bond or parole."); *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737–38 (S.D. Tex. 2025); *Shcherbinin*, 2025 WL 3687739, at *2; *see also Leon-Gonzalez v. Anda-Ybarra*, No. 26-CV-26, Dkt. No. 12 at *3 (W.D. Tex. Feb. 10, 2026); *Shcherbinin v. Rice*, No. 25-CV-1496, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025) (collecting cases), *report and recommendation adopted*, 2025 WL 3698403 (W.D. La. Dec. 19, 2025); *Hernandez-Azuaje v. Hyde*, No. 25-CV-13224, 2026 WL 221833, at *1 (D. Mass. Jan. 28, 2026). It does not, however, deprive the Court of jurisdiction "to review statutory and constitutional challenges." *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (citing *Demore*, 538 U.S. at 516–17).

an elevated 'clear and convincing' showing."). And, under the Bail Reform Act, even citizens may be required, under some circumstances, to bear the initial burden of demonstrating a lack of flight risk and danger to the community. *Rahimi*, No. 25-CV-1338-OLG, Dkt. No. 23 at 5 (citing *Miranda v. Garland*, 34 F.4th 338, 363 (4th Cir. 2022) ("If, in the criminal context, requiring citizens to bear the burden to show that they are not a danger to the community and a flight risk is not unconstitutional, it cannot be unconstitutional for the government to place a similar burden on a[ noncitizen] facing removal proceedings.")). Accordingly, the Court cannot find that the bond hearing Petitioner received was constitutionally inadequate.

Finally, Petitioner claims that her detention—going on seven months—under § 1226 has now become unconstitutionally prolonged, relying on *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Dkt. No. 1 at 8.) That case, however, "has no direct application" to cases, like this one, involving noncitizens "who are detained and being given due process during removal proceedings." *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (citing *Zadvydas*, 533 U.S. at 678). Because Petitioner has not yet been ordered removed, her detention continues to be authorized by § 1226; in other words, she is not detained under § 1231. And the Supreme Court has rejected the use of *Zadvydas*'s reasoning "to graft a time limit" onto detentions under §§ 1225 and 1226. *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018).

Indeed, the Supreme Court read the implicit time limit into § 1231 because, absent such a limit, § 1231's language—i.e., that removable aliens "may be detained beyond the removal period," 8 U.S.C. § 1231(a)(6)—appeared to authorize "indefinite detention." *Zadvydas*, 533 U.S. at 690. By contrast, a detention under §§ 1225 or 1226 for the sake of carrying out removal proceedings "has 'a definite termination point': the conclusion of removal proceedings." *Jennings*, 583 U.S. at 304 (quoting *Demore*, 538 U.S. at 529); *see, e.g., Rimtobaye v. Castro*, No. 23-CV-

4

1529-FB (HJB), 2024 WL 5375786, at *3 (W.D. Tex. Oct. 29, 2024) (finding that detention of "more than two-and-a-half years" had not become unduly prolonged because removal proceedings were ongoing and, thus, detention had a definite termination point), *report and recommendation adopted*, No. 23-CV-1529-FB, 2025 WL 377722 (W.D. Tex. Jan. 31, 2025).

## IV.    CONCLUSION

Based on the foregoing, Petitioner Leidy Bedoya-Leon's Petition for Writ of Habeas Corpus (Dkt. No. 1) must be and hereby is **DENIED**.

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on May _____, 2026.

ORLANDO L. GARCIA
United States District Judge

5